UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEROME BROWN                                               CIVIL ACTION

VERSUS                                                     NUMBER: 14-1373

BEVERLY CONSTRUCTION CO.                                   SECTION: "R"(5)

### ORDER AND REASONS

Pursuant to an order of reference from the presiding District Judge, presently before the Court is Plaintiff's application for the appointment of an attorney pursuant to 42 U.S.C. §2000e-5(f)(1). (Rec. doc. 9, 5). For the reasons that follow, it is ordered that Plaintiff's application is denied without prejudice.

The appointment of counsel is by no means automatic and is generally limited to cases presenting "exceptional circumstances." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). In determining whether to exercise its discretion to make such an appointment, a court may inquire as to the efforts that were made by a plaintiff to retain counsel on his or her own. *Ulmer*, 691 F.2d at 213. Those efforts have been described as "diligent." *Johnson v. Hertz Corp.*, 316 F.Supp. 961, 962 (S.D. Tex. 1970); *Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 36 (S.D. Tex. 1968). Although a plaintiff is not required to exhaust the legal directory before the

appointment of counsel becomes appropriate, *Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977), efforts in that regard must be more than singular to be reasonable. *Edmonds v. E.I. DuPont deNemours & Co.*, 315 F.Supp. 523, 524 (D. Kan. 1970); *Petete v. Consolidated Freightways*, 313 F.Supp. 1271, 1271-72 (N.D. Tex. 1970). As Plaintiff herein makes a showing of having contacted but one attorney prior to filing his application, the application is hereby denied without prejudice.

New Orleans, Louisiana, this 22nd day of July, 2013.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE